# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PINE GROVE MANUFACTURED HOMES, | CIVIL ACTION NO. 3:08-CV-1233 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | |
| Defendant, | |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | |
| Third-Party Plaintiff, | |
| v. | |
| CHAMBERLIN & REINHEIMER INSURERS, INC., | |
| Third-Party Defendant. | |

## MEMORANDUM

Presently before the Court is the Motion of Third-Party Defendant Chamberlin & Reinheimer Insurers, Inc. ("CRI") to Strike or, in the alternative, Dismiss the Third-Party Complaint of Defendant/Third-Party Plaintiff Indiana Lumbermens Mutual Insurance Company ("ILM"). (Doc. 28.) This Court will deny CRI's motion to strike. It will also grant the motion to dismiss on the issue of indemnification and deny the motion to dismiss on the issue of contribution.

## FACTUAL BACKGROUND

Pine Grove Manufactured Homes, Inc. ("Pine Grove") operates a facility that produces pre-fabricated buildings. (Compl. ¶ 6, Doc. 1.) On June 28, 2006 the facility was flooded when a nearby creek overflowed, causing damages to Pine Grove's building, materials and inventory. (*Id.* at ¶¶ 8-9.) At the time of the flood, Pine Grove had two insurance policies covering the facility, one from Harleysville Mutual Insurance Company and a commercial policy through ILM. (*Id.* at ¶¶ 10-12.) Pine Grove's loss was estimated to be three million, two hundred ninety-three thousand, nine hundred ninety-three dollars and thirty-eight cents ($3,293,993.38). (*Id.* ¶ 17.) Pine Grove submitted its claim under the Harleysville policy and, after the deductible was subtracted, received a payment of one million, one hundred sixty-five thousand, seven hundred fifty-one dollars and seventy cents ($1,165,751.70). (*Id.* ¶ 18.) Pine Grove then submitted the unpaid portion of the claim to ILM, who deducted its five hundred thousand dollar deductible ($500,000.00) and then paid one million, six hundred twenty-five thousand, five hundred fourteen dollars and sixty-eight cents ($1,625,514.68).

## PROCEDURAL BACKGROUND

On June 28, 2007, Pine Grove filed its Complaint, alleging Breach of Contract (Count 1) and Bad Faith in violation of 42 PA. CONS. STAT. ANN. § 8371 (Count 2) against ILM and the ILM Group.[1] Pine Grove alleges that it was permitted to apply the proceeds from its Harleysville policy to the deductible under the ILM policy, and that ILM is breaching its policy

---

[1] Plaintiff's claims against ILM Group were dismissed by a Stipulation and Order on September 10, 2008.

with Pine Grove by refusing to allow Pine Grove to do so. Pine Grove further alleges that ILM acted in bad faith by willfully and maliciously 1) failing to promptly and fairly settle its claim with Pine Grove, 2) compelling Pine Grove to institute litigation, 3) attempting to settle Pine Grove's claim for less than a reasonable amount under the policy, 4) advising Pine Grove that the Harleysville proceeds would be applied to satisfy the ILM deductible, 5) failing to advise Pine Grove until four (4) months after the flood that the Harleysville Proceeds would not, in fact, be applied to the ILM deductible, 6) failing to pay the insurance proceeds due to Pine Grove under the ILM policy, and 7) failing to adjust Pine Grove's claim fairly.

This Court granted ILM's Motion for Leave to File a Third-Party Complaint. (Doc. 18.) On January 26, 2009, ILM filed its Third-Party Complaint seeking Indemnification and/or Contribution from CRI. (Doc. 24.) CRI then filed the instant Motion to Strike or, in the alternative, Dismiss ILM's Third-Party Complaint on March 25, 2009. (Doc. 28.) The instant motion has been fully briefed and is ripe for disposition.

## LEGAL STANDARD

### 1) MOTION TO STRIKE

Defendants move to strike ILM's Third-Party Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Rule 12(f) provides that:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

3

FED. R. CIV. P. 12(f).

Generally, a motion to strike will be denied, unless it can be shown that no evidence in support of the allegation would be admissible. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (3d Cir. 1976); *see also Lyon Fin. Servs. v. Woodlake Imaging, LLC*, No. 04-3334, 2005 U.S. Dist. LEXIS 2011, at \*26 (E.D. Pa. Feb. 9, 2005) (stating same). Accordingly, courts should not tamper with the pleadings unless there is a strong reason for so doing. *Id.*

**2) MOTION TO DISMISS**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also*

4

*Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## **DISCUSSION**

**1)  Striking the Complaint**

CRI argues that this Court should strike the Third-Party Complaint because it is an immaterial pleading. Motions to strike are generally viewed with disfavor by courts. *United States v. Marisol*, *Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989). The standard for striking

pleadings is strict because it is "a drastic remedy to be resorted to only when required for the purposes of justice." *Johnson v. Anhorn*, 334 S. Supp.2d 802, 809 (E.D. Pa. 2004) (internal quotations omitted). The grounds to strike must be readily apparent from the face of the pleading. *Id*. The language of Rule 12(f) is permissive and courts have broad discretion is deciding whether to grant a motion to strike. *Pittston-Luzerne Corp. v. United States*, 86 F. Supp. 460, 461 (M.D. Pa. 1949).

There is nothing in ILM's Third-Party Complaint that can be accurately described as immaterial. Rule 14(a) of the Federal Rules of Civil Procedure allows a defending party to file a third-party complaint against "a nonparty who is or may be liable to it for all or part of the claim against it." The Third-Party Complaint filed by ILM alleges that CRI is liable to it ILM through either contribution or indemnification. All of the allegations in the Third-Party Complaint are in reference to the liability that CRI owes to ILM for the claim that Pine Grove has brought against ILM. This pleading is far from immaterial and is specifically allowed under Rule 14(a). Therefore, CRI's Motion to Strike the Third-Party Complaint will be denied.

**2)** **Indemnification**

ILM seeks indemnifcation from CRI for any damages for which ILM may be found liable during this litigation. Generally, "indemnity is available to those who are secondarily or vicariously liable from those who are primarily liable." *Svetz For Svetz v. Land Tool Co.*, 513 A.2d 403, 410 (Pa. Super. Ct. 1986). An important point to be noted "is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law ." *Builders Supply Co. v. McCabe*, 77 A.2d 368, 371 (Pa. 1951).

6

Legal relationships such as employer-employee or principal-agent are the types of relationships that will give rise to secondary liability such that indemnity will be available. *Id.* at 370. Additionally, it is an established legal principle that the relationship of joint tortfeasors does not create a right of indemnity between the parties:

> In the case of *concurrent* or *joint* tortfeasors, having no legal relation to one another, each of them owing the same duty to the injured party, and involved in an accident in which the injury occurs, there is complete unanimity among the authorities everywhere that no right of indemnity exists on behalf of either against the other; in such a case, there is only a common liability and not a primary and secondary one, even though one may have been very much more negligent than the other.

*Builders*, 77 A.2d at 371 (emphasis in original).

Under Pennsylvania, insurance brokers are agents for the insured, not the insurance companies. *Fisher v. Aetna Life Ins. & Annuity Co.*, 39 F. Supp.2d 508, 513-14 (M.D. Pa. 1998). Where a broker is not employed by the insurance company, acts as the middle man between the insurance company and the insured, and solicits the public and then "places the requested insurance with a company," the broker is an agent of the insured. *Id.* at 514 (internal citations and quotations omitted).

In the instant case, ILM's Third-Party Complaint alleges that "Pine Grove's insurance broker was and is Chamberin & Renheimer" and that CRI "represented Pine Grove, and was to protect its interests, in connection with Pine Grove's insurance program, including the procurement, negotiation and issuance" of the ILM policy. (Doc. 24, ¶ 10.) Clearly then, CRI was the agent of the Pine Grove, not ILM. Thus, ILM is not secondarily liable for the actions for CRI based solely on imputed or constructive fault because the two parties lack the type of relationship on which secondary liability can be based. Therefore, ILM is not entitled to

indemnification by CRI and the Motion to Dismiss will be granted on the issue of indemnification.

**2) Contribution**

ILM seeks contribution from CRI. ILM contends that CRI is partly responsible for the harm to the Plan for which ILM may be found liable. "[A] right to contribution arises only among joint tortfeasors." *Foulke v. Dugan*, 212 F.R.D. 265, 270 (E.D. Pa. 2002) (citing *Kemper Nat'l P & C Cos v. Smith*, 615 A.2d 372, 380 (Pa. Super. Ct. 1992). Pennsylvania's Uniform Contribution Among Tortfeasors Act states that joint tortfeasors are "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 PA. CONS. STAT. § 8322 (2004).

"[T]wo actors are joint tortfeasors if their conduct 'causes a single harm which cannot be apportioned. . . even though [the actors] may have acted independently.'" *Rabatin v. Columbus Lines, Inc.,* 790 F.2d 22, 25 (3d Cir. 1986) (quoting *Capone v. Donovan*, 480 A.2d 1249, 1251 (Pa. Super. Ct. 1984)). The factors weighed in determining whether parties are joint tortfeasors include: 1) the identity of a cause of action against two or more defendants, 2) the existence of common or like duties, 3) whether the same evidence will support an action against each, 4) the indivisible nature of the plaintiff's injury, 5) the similarity of the facts as to time, place or result, 6) whether the injury is direct and immediate as opposed to consequential, and 7) "responsibility of the defendants for the same injuria as distinguished from the damnum." *Carrasquilla v. Mazda Motor Corp.,* 963 F. Supp. 455, 459-60 (M.D. Pa. 1997) (quoting *Harries v. GMC*, 786 F.Supp. 446, 447-48 (M.D.Pa.1992)). In Pennsylvania,

"an insurance broker is under a duty to exercise the care that a reasonably prudent businessman in the brokerage field would exercise under similar circumstances and if the broker fails to exercise such care . . . then he is liable for such loss." *Consolidated Sun Ray, Inc. v. Lea*, 401 F.2d 650. 658 (3d Cir. 1968).

Claims brought for bad faith under 42 PA. CONS. STAT. ANN. § 8371 represent separate and distinct causes of action from the underlying breach of contract claim. *March v. Paradise Mutual Ins. Co.*, 646 A.2d 1254, 1256 (Pa. Super. 1994). The Pennsylvania Supreme Court has held that such claims sound in tort, not contract, because the duty is imposed by law as a matter of social policy, rather than mutual consensus. *Ash v. Continental Ins. Co.*, 932 A.2d 877, 884-85 (Pa. 2007).

In the underlying action between Pine Grove and ILM, Pine Grove is attempting to hold ILM liable for committing the tort of bad faith. As discussed above, CRI was an agent of Pine Grove as its insurance broker, and owed it a duty of care to act as a reasonably prudent insurance broker. If CRI breached its duty, it committed a tort against Pine Grove.

ILM's Third-Party Complaint alleges that CRI "breached its duty of care owing the policyholder, Pine Grove, and is . . . jointly and/or severally liable over to ILM on Pine Grove's cause of action." Accepting all factual allegations in the Third-Party Complaint as true and drawing all reasonable inferences therefrom, as this Court is required to do at this stage of litigation, CRI breached its duty of care to act as a reasonably prudent insurance broker, which caused the indivisible harm that resulted when ILM did not apply the Harleysville policy proceeds to the ILM policy deductible. Thus, CRI is a joint tortfeasor whose negligence, along with ILM's bad faith, caused the harm to plaintiff. As joint tortfeasors, ILM may be entitled to contribution from CRI. Thus, the motion to dismiss on the issue of contribution will be denied.

## **CONCLUSION**

I will deny the motion to strike ILM's Third-Party Complaint because the pleading is not immaterial. I will grant the motion to dismiss the claim of indemnification brought by ILM against CRI because ILM failed to claim the existence of a relationship between ILM and CRI that creates a right of indemnity between the parties. I will deny the motion to dismiss the claim for contribution because ILM has sufficiently alleged that CRI is a joint tortfeasor.

An appropriate order follows.

| | |
|---|---|
| <u>October 23, 2009</u> | <u>  /s/ A. Richard Caputo  </u> |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PINE GROVE MANUFACTURED HOMES, | |
| Plaintiff, | CIVIL ACTION NO. 3:08-CV-1233 |
| v. | (JUDGE CAPUTO) |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | |
| Defendant. | |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | |
| Third-Party Plaintiffs, | |
| v. | |
| CHAMBERLIN & REINHEIMER INSURERS, INC., | |
| Third-Party Defendant. | |

## ORDER

**NOW**, this  23rd  day of October, 2009, **IT IS HEREBY ORDERED** that:

(1) Third Party Defendant Chamberlin & Reinheimer Insurers' Motion to Strike the Third-Party Complaint is **DENIED**.

(2) Third Party Defendant Chamberlin & Reinheimer Insurers' Motion to Dismiss the Third-Party Complaint is **GRANTED in part and DENIED in part** as follows:
   (A) The Motion is **GRANTED** with respect to the issue of indemnification;
   (B) The Motion is **DENIED** with respect to the issue of contribution.

 /s/ A. Richard Caputo
 A. Richard Caputo
 United States District Judge