# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PINE GROVE MANUFACTURED HOMES, | CIVIL ACTION NO. 3:08-CV-1233 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | |
| Defendant, | |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | |
| Third-Party Plaintiff, | |
| v. | |
| CHAMBERLIN & REINHEIMER INSURERS, INC., | |
| Third-Party Defendant. | |

## **MEMORANDUM**

Presently before the Court is the Motion for Reconsideration filed by Third-Party Defendant Chamberlin & Reinheimer Insurers, Inc. ("CRI"). (Doc. 39.) CRI requests that this Court reconsider its Memorandum and Order of October 23, 2009, in which it denied CRI's Motion to Strike, granted CRI's Motion to Dismiss the indemnification claim, and denied the Motion to Dismiss the contribution claim. (Doc. 38.) This Court will grant CRI's Motion for Reconsideration for the reasons discussed more fully below.

## FACTUAL BACKGROUND

Pine Grove Manufactured Homes, Inc. ("Pine Grove") operates a facility that produces pre-fabricated buildings. (Compl. ¶ 6, Doc. 1.) On June 28, 2006 the facility was flooded when a nearby creek overflowed, causing damages to Pine Grove's building, materials and inventory. (*Id.* at ¶¶ 8-9.) At the time of the flood, Pine Grove had two insurance policies covering the facility, one from Harleysville Mutual Insurance Company and a commercial policy through ILM. (*Id*. at ¶¶ 10-12.) Pine Grove's loss was estimated to be three million, two hundred ninety-three thousand, nine hundred ninety-three dollars and thirty-eight cents ($3,293,993.38). (*Id.* ¶ 17.) Pine Grove submitted its claim under the Harleysville policy and, after the deductible was subtracted, received a payment of one million, one hundred sixty-five thousand, seven hundred fifty-one dollars and seventy cents ($1,165,751.70). (*Id.* ¶ 18.) Pine Grove then submitted the unpaid portion of the claim to ILM, who deducted its five hundred thousand dollar deductible ($500,000.00) and then paid one million, six hundred twenty-five thousand, five hundred fourteen dollars and sixty-eight cents ($1,625,514.68).

## PROCEDURAL BACKGROUND

On June 28, 2007, Pine Grove filed its Complaint, alleging Breach of Contract (Count 1) and Bad Faith in violation of 42 PA. CONS. STAT. ANN. § 8371 (Count 2) against ILM and the ILM Group.[1] Pine Grove alleges that it was permitted to apply the proceeds from its Harleysville policy to the deductible under the ILM policy, and that ILM is breaching its policy

---

[1] Plaintiff's claims against ILM Group were dismissed by a Stipulation and Order on September 10, 2008.

with Pine Grove by refusing to allow Pine Grove to do so. Pine Grove further alleges that ILM acted in bad faith by willfully and maliciously 1) failing to promptly and fairly settle its claim with Pine Grove, 2) compelling Pine Grove to institute litigation, 3) attempting to settle Pine Grove's claim for less than a reasonable amount under the policy, 4) advising Pine Grove that the Harleysville proceeds would be applied to satisfy the ILM deductible, 5) failing to advise Pine Grove until four (4) months after the flood that the Harleysville Proceeds would not, in fact, be applied to the ILM deductible, 6) failing to pay the insurance proceeds due to Pine Grove under the ILM policy, and 7) failing to adjust Pine Grove's claim fairly.

This Court granted ILM's Motion for Leave to File a Third-Party Complaint. (Doc. 18.) On January 26, 2009, ILM filed its Third-Party Complaint seeking Indemnification and/or Contribution from CRI. (Doc. 24.) The Third-Party Complaint sought Indemnification and/or Contribution "with respect to the breach of contract claim." (Doc. 24.)

CRI then filed a Motion to Strike or, in the alternative, Dismiss ILM's Third-Party Complaint on March 25, 2009. (Doc. 28.) On October 23, 2009, this Court denied CRI's Motion to Strike, granted CRI's Motion to Dismiss the indemnification claim, and denied the Motion to Dismiss the contribution claim. (Doc. 38.)

On November 6, 2009, CRI filed a Motion for Reconsideration. (Doc 39.) In its Brief in Support, CRI raises to issues regarding the October 23, 2009 Memorandum and Order: 1) this Court misapprehended the allegations raised in the Third-Party Complaint when it based its analysis on contribution for the bad faith claim, rather than limiting its analysis to contribution on the breach of contract claim, and 2) that the Court committed an error in law when it held that CRI can be jointly liable to Pine Grove for bad faith. (Doc. 40.) In its Brief in Opposition, ILM argues that the Court correctly interpreted the law by holding that CRI

3

could be jointly liable for torts committed by ILM, and also sought permission to amend its Third Party Complaint. (Doc. 43.) On December 7, 2009, CRI filed its Reply Brief. (Doc. 46.) As such, the instant motion has been fully briefed and is ripe for disposition.

## **LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

### I. MISAPPREHENSION OF THE THIRD-PARTY COMPLAINT

CRI correctly notes that the Court mistakenly read the Third-Party Complaint as covering the underlying Bad Faith claim. The first paragraph of the Third-Party Complaint clearly states that ILM was seeking contribution "with respect to the breach of contract claim being asserted against ILM in this action." In the count for indemnification and/or contribution, ILM incorporates the first paragraph by reference. As such, the Third-Party Complaint seeks contribution on the breach of contract claim alleged in the underlying Complaint.

"[A] right to contribution arises only among joint tortfeasors." *Foulke v. Dugan*, 212 F.R.D. 265, 270 (E.D. Pa. 2002) (citing *Kemper Nat'l P & C Cos v. Smith*, 615 A.2d 372, 380 (Pa. Super. Ct. 1992). Pennsylvania's Uniform Contribution Among Tortfeasors Act states that joint tortfeasors are "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 PA. CONS. STAT. § 8322 (2004).

Clearly, ILM cannot have a right to contribution on the breach of contract claim because they cannot be liable jointly and severally in tort for a claim based on breach of contract theory. Therefore, the Motion for Reconsideration will be granted and the Third-Party Complaint's count for Contribution will be dismissed on that ground.

### II. ERROR OF LAW REGARDING JOINT TORTFEASORS

CRI does not contend that there is an intervening change in controlling law or that new evidence has come to light. Instead, CRI argues that this Court committed a clear error of

law when it weighed the factors that determine whether two parties can be joint tortfeasors. In the previous Order and Memorandum, this Court stated:

> *Accepting all factual allegations in the Third-Party Complaint as true and drawing all reasonable inferences therefrom, as this Court is required to do at this stage of litigation*, CRI breached its duty of care to act as a reasonably prudent insurance broker, which caused the indivisible harm that resulted when ILM did not apply the Harleysville policy proceeds to the ILM policy deductible. Thus, CRI is a joint tortfeasor whose negligence, along with ILM's bad faith, caused the harm to plaintiff. As joint tortfeasors, ILM may be entitled to contribution from CRI.

*Pine Grove Manufactured Homes v. Indiana Lumbermens Mut. Ins. Co.*, No. 3:08-CV-1233, 2009 WL 3486705, at *5 (emphasis added).

This Court previously stated the applicable law and applied it to the facts alleged by ILM its Third-Party Complaint. Whether two parties are joint tortfeasors is a multi-factored, fact-specific inquiry. This inquiry has already been considered by this Court and CRI has pointed to no controlling or binding precedent that suggests that the previous ruling was a clear error. Particularly given the early stage of this litigation and the low threshold that a party must meet to overcome a motion to dismiss, this Court did not err in holding that CRI and ILM might be joint tortfeasors based on the injury created by the confluence of CRI's negligence and ILM's bad faith. Therefore, the Court will not grant the Motion for Reconsideration on this basis.

### III. AMENDING THE THIRD-PARTY COMPLAINT

ILM argues that it should be permitted to amend the Third Party Complaint in its Brief in Opposition to the instant motion. However, ILM has not filed a motion to amend, nor has it complied with Local Rule 15.1, which requires that moving party supply the court with a copy of the original pleading in which stricken material has been lined through and new

6

material is inserted and underlined in bold-faced type. Because ILM has not filed a motion to amend and has not complied with the Local Rules, this Court will not rule on any proposed amendments at this time. If ILM wishes to amend its Third-Party Complaint it may attempt to do so by filing a motion with the Court.

## **CONCLUSION**

The Court will grant CRI's Motion for Reconsideration and Dismiss ILM's Third Party Complaint because the Third-Party Complaint was based on the underlying breach of contract claim, for which there can be no contribution. The Court will not consider whether ILM can amend its pleading because ILM has not properly moved to amend the Third-Party Complaint, but can file to do so in the future.

An appropriate order follows.


 December 8, 2009                                                            /s/ A. Richard Caputo
Date                                                                                             A. Richard Caputo
                                                                                                       United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PINE GROVE MANUFACTURED HOMES, | |
| Plaintiff, | CIVIL ACTION NO. 3:08-CV-1233 |
| v. | (JUDGE CAPUTO) |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | |
| Defendant. | |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | |
| Third-Party Plaintiffs, | |
| v. | |
| CHAMBERLIN & REINHEIMER INSURERS, INC., | |
| Third-Party Defendant. | |

## **ORDER**

**NOW**, this  8th  day of December, 2009, **IT IS HEREBY ORDERED** that:

(1) Third Party Defendant Chamberlin & Reinheimer Insurers' Motion for Reconsideration is **GRANTED**.
(2) Third Party Defendant Chamberlin & Reinheimer Insurers' Motion to Dismiss the Third-Party Complaint is **GRANTED.**
(3) Third Party Plaintiff Indiana Lumbermens Mutual Insurance Company's Third-Party Complaint is **DISMISSED WITHOUT PREJUDICE.**

                                       A. Richard Caputo
                                       A. Richard Caputo
                                       United States District Judge