# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PINE GROVE MANUFACTURED HOMES, | CIVIL ACTION NO. 3:08-CV-1233 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | |
| Defendant, | |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | |
| Third-Party Plaintiff, | |
| v. | |
| CHAMBERLIN & REINHEIMER INSURERS, INC., | |
| Third-Party Defendant. | |

## MEMORANDUM

Presently before the Court is the Motion to Amend/Correct the Third Party Complaint filed by Indiana Lumbermans Mutual Insurance Company ("ILM") (Doc. 48.) This Court will grant ILM's motion for the reasons discussed more fully below.

## FACTUAL BACKGROUND

Pine Grove Manufactured Homes, Inc. ("Pine Grove") operates a facility that produces pre-fabricated buildings. (Compl. ¶ 6, Doc. 1.) On June 28, 2006 the facility was flooded when a nearby creek overflowed, causing damages to Pine Grove's building, materials and inventory. (*Id.* at ¶¶ 8-9.) At the time of the flood, Pine Grove had two

insurance policies covering the facility, one from Harleysville Mutual Insurance Company and a commercial policy through ILM. (*Id.* at ¶¶ 10-12.) Pine Grove's loss was estimated to be three million, two hundred ninety-three thousand, nine hundred ninety-three dollars and thirty-eight cents ($3,293,993.38). (*Id.* ¶ 17.) Pine Grove submitted its claim under the Harleysville policy and, after the deductible was subtracted, received a payment of one million, one hundred sixty-five thousand, seven hundred fifty-one dollars and seventy cents ($1,165,751.70). (*Id.* ¶ 18.) Pine Grove then submitted the unpaid portion of the claim to ILM, who deducted its five hundred thousand dollar deductible ($500,000.00) and then paid one million, six hundred twenty-five thousand, five hundred fourteen dollars and sixty-eight cents ($1,625,514.68).

## **PROCEDURAL BACKGROUND**

On June 28, 2007, Pine Grove filed its Complaint, alleging Breach of Contract (Count 1) and Bad Faith in violation of 42 PA. CONS. STAT. ANN. § 8371 (Count 2) against ILM and the ILM Group.[1] Pine Grove alleges that it was permitted to apply the proceeds from its Harleysville policy to the deductible under the ILM policy, and that ILM is breaching its policy with Pine Grove by refusing to allow Pine Grove to do so. Pine Grove further alleges that ILM acted in bad faith by willfully and maliciously 1) failing to promptly and fairly settle its claim with Pine Grove, 2) compelling Pine Grove to institute litigation, 3) attempting to settle Pine Grove's claim for less than a reasonable amount under the policy, 4) advising Pine Grove that the Harleysville proceeds would be applied to satisfy the ILM deductible, 5) failing to advise Pine Grove until four (4) months after the flood that the Harleysville Proceeds would

---

[1] Plaintiff's claims against ILM Group were dismissed by a Stipulation and Order on September 10, 2008.

2

not, in fact, be applied to the ILM deductible, 6) failing to pay the insurance proceeds due to Pine Grove under the ILM policy, and 7) failing to adjust Pine Grove's claim fairly.

This Court granted ILM's Motion for Leave to File a Third-Party Complaint. (Doc. 18.) On January 26, 2009, ILM filed its Third-Party Complaint seeking Indemnification and/or Contribution from CRI. (Doc. 24.) The Third-Party Complaint sought Indemnification and/or Contribution "with respect to the breach of contract claim." (Doc. 24.)

CRI then filed a Motion to Strike or, in the alternative, Dismiss ILM's Third-Party Complaint on March 25, 2009. (Doc. 28.) On October 23, 2009, this Court denied CRI's Motion to Strike, granted CRI's Motion to Dismiss the indemnification claim, and denied the Motion to Dismiss the contribution claim. (Doc. 38.) On December 8, 2009, this Court granted CRI's Motion for Reconsideration and dismissed the Third-Party Complaint without Prejudice. (Doc. 47.) This holding was based on ILM's reliance on contract-based theories for its contribution claim.

On December 11, 2009, ILM filed a Motion to Amend/Correct its Third-Party Complaint. (Doc. 48.) The proposed Amended Third-Party Complaint removes all the language regarding contribution based on breach of contract claims and the previously dismissed indemnification claim. The instant motion has been fully briefed and is ripe for disposition.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a), "a party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). However, "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

3

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

In the Third Circuit, the touchstone for the denial of leave to amend is undue prejudice to the non-moving party. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993); *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 823 (1978). "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, 1 F.3d at 1414 (citing *Heyl*, 663 F.2d at 425).

An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). In making this assessment, the Court must use the same standard of legal sufficiency employed under Federal Rule of Civil Procedure 12(b)(6). *Id.* In other words, "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

## **DISCUSSION**

### I.     **FUTILITY OF AMENDMENT**

CRI argues that the Motion to Amend should be denied because the proposed amendments would be futile. As noted above, the standard for futility is determining whether the amended claim could withstand a motion to dismiss.

4

Essentially, the proposed claim has already survived a motion to dismiss. In its October 23, 2009, Memorandum and Order this Court held that

> Accepting all factual allegations in the Third-Party Complaint as true and drawing all reasonable inferences therefrom, as this Court is required to do at this stage of litigation, CRI breached its duty of care to act as a reasonably prudent insurance broker, which caused the indivisible harm that resulted when ILM did not apply the Harleysville policy proceeds to the ILM policy deductible. Thus, CRI is a joint tortfeasor whose negligence, along with ILM's bad faith, caused the harm to plaintiff. As joint tortfeasors, ILM may be entitled to contribution from CRI. Thus, the motion to dismiss on the issue of contribution will be denied.

(Doc. 38.)

In granting CRI's Motion for Reconsideration, the Court focused only on ILM's attempt to make out a contribution claim on a breach of contract theory, not whether or not ILM and CRI could be joint tortfeasors. In response to CRI's argument that this Court had committed an error of law, this Court noted that the issue

> ha[d] already been considered by this Court and CRI has pointed to no controlling or binding precedent that suggests that the previous ruling was a clear error. Particularly given the early stage of this litigation and the low threshold that a party must meet to overcome a motion to dismiss, this Court did not err in holding that CRI and ILM might be joint tortfeasors based on the injury created by the confluence of CRI's negligence and ILM's bad faith. Therefore, the Court will not grant the Motion for Reconsideration on this basis.

(Doc. 47.)

By taking out the language regarding contribution based on breach of contract theories, and replacing it with language seeking contribution based on CRI's negligence, ILM has made out a cognizable claim for contribution. Thus, the proposed amendments do, in fact, cure the deficiency of the previous pleading. Furthermore, this Court has already held in this case that such a claim would survive a motion to dismiss, and reiterated that holding

5

in deciding the Motion for Reconsideration. When coupled with the liberal amendment standard envisioned by the Federal Rules of Civil Procedure, it becomes clear that the proposed amendments are not futile and that ILM's Motion to Amend its Third-Party Complaint should be granted.

## **CONCLUSION**

The Court will grant ILM's Motion Amend/Correct its Third Party Complaint. An appropriate order follows.


February 5, 2010                                        /s/ A. Richard Caputo
Date                                                              A. Richard Caputo
                                                                                   United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PINE GROVE MANUFACTURED HOMES, | CIVIL ACTION NO. 3:08-CV-1233 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | |
| Defendant. | |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | |
| Third-Party Plaintiffs, | |
| v. | |
| CHAMBERLIN & REINHEIMER INSURERS, INC., | |
| Third-Party Defendant. | |

## ORDER

**NOW**, this  5th  day of February, 2010, **IT IS HEREBY ORDERED** that Third Party Plaintiff Indiana Lumbermens Mutual Insurance Company's Motion to Amend/Correct its Third-Party Complaint is **GRANTED**.

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge