# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PINE GROVE MANUFACTURED
HOMES,

      Plaintiff,

      v.

INDIANA LUMBERMENS MUTUAL
INSURANCE COMPANY,

      Defendant,

INDIANA LUMBERMENS MUTUAL
INSURANCE COMPANY,

      Third-Party Plaintiff,

      v.

CHAMBERLIN & REINHEIMER
INSURERS, INC.,

      Third-Party Defendant.

CIVIL ACTION NO. 3:08-CV-1233

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Motion to Amend and Supplement the Answer filed by Indiana Lumbermans Mutual Insurance Company ("ILM") (Doc. 60.) This Court will grant ILM's motion for the reasons discussed more fully below.

## BACKGROUND

Pine Grove Manufactured Homes, Inc. ("Pine Grove") operates a facility that produces pre-fabricated buildings. (Compl. ¶ 6, Doc. 1.) On June 28, 2006, the facility was flooded when a nearby creek overflowed, causing damages to Pine Grove's building, materials and inventory. (*Id.* at ¶¶ 8-9.) At the time of the flood, Pine Grove had two

insurance policies covering the facility, one from Harleysville Mutual Insurance Company and a commercial policy through ILM. (*Id.* at ¶¶ 10-12.) Pine Grove's loss was estimated to be three million, two hundred ninety-three thousand, nine hundred ninety-three dollars and thirty-eight cents ($3,293,993.38). (*Id.* ¶ 17.) Pine Grove submitted its claim under the Harleysville policy and, after the deductible was subtracted, received a payment of one million, one hundred sixty-five thousand, seven hundred fifty-one dollars and seventy cents ($1,165,751.70). (*Id.* ¶ 18.) Pine Grove then submitted the unpaid portion of the claim to ILM, who deducted its five hundred thousand dollar deductible ($500,000.00) and then paid one million, six hundred twenty-five thousand, five hundred fourteen dollars and sixty-eight cents ($1,625,514.68).

On June 28, 2007, Pine Grove filed its Complaint, alleging Breach of Contract (Count 1) and Bad Faith in violation of 42 PA. CONS. STAT. ANN. § 8371 (Count 2) against ILM and the ILM Group.[1] Pine Grove alleges that it was permitted to apply the proceeds from its Harleysville policy to the deductible under the ILM policy, and that ILM is breaching its policy with Pine Grove by refusing to allow Pine Grove to do so. Pine Grove further alleges that ILM acted in bad faith by willfully and maliciously 1) failing to promptly and fairly settle its claim with Pine Grove, 2) compelling Pine Grove to institute litigation, 3) attempting to settle Pine Grove's claim for less than a reasonable amount under the policy, 4) advising Pine Grove that the Harleysville proceeds would be applied to satisfy the ILM deductible, 5) failing to advise Pine Grove until four (4) months after the flood that the Harleysville Proceeds would not, in fact, be applied to the ILM deductible, 6) failing to pay the insurance proceeds due

---

[1]    Plaintiff's claims against ILM Group were dismissed by a Stipulation and Order on September 10, 2008.

to Pine Grove under the ILM policy, and 7) failing to adjust Pine Grove's claim fairly. On September 15, 2008, ILM filed its Answer to Plaintiff's Complaint. (Doc. 8.)

On March 23, 2010, ILM filed the instant motion seeking to amend its Answer to include a counterclaim against Pine Grove for breach of contract. ILM alleges it has recently learned through discovery that, after ILM had paid for certain losses that were originally disclaimed by the insurance carrier of the Harleysville Policy, Pine Grove later received additional compensation for the damages incurred to these structures, resulting in Pine Grove being double-paid for the same loss. ILM contends that it is entitled to reimbursement for these recoveries under the conditions of its policy with Pine Grove, which requires reimbursement if "lost or damaged property is recovered, or payment is made by those responsible for the loss."

ILM states that it was not aware of the additional monies received by Pine Grove from the Harleysville Policies until January 21, 2010, when Joseph Gallagher, Pine Grove's Controller, was deposed. Moreover, ILM claims that it learned of an additional recovery that Pine Grove received from a third-party salvage company during Gallagher's continued deposition on March 3, 2010. After Gallagher's first deposition, ILM's counsel received one hundred forty-eight (148) pages of new documents that included evidence not previously disclosed.

Pine Grove opposes ILM's motion arguing that ILM has no reasonable explanation for its delay in asserting its counterclaim because previous disclosures by Pine Grove should have put ILM on notice of a prospective counterclaim by July 2009 at the latest and Pine Grove will be prejudiced by adding a new counterclaim so close the deadline for dispositive motions. In its reply brief, ILM contends that the additional discovery received in February

3

2010 disclosed additional factual bases for its counterclaim and that Pine Grove withheld documents from discovery until they were sought by ILM following Gallagher's deposition. This motion has been fully briefed and is currently ripe for disposition.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a), "a party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). However, "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

In the Third Circuit, the touchstone for the denial of leave to amend is undue prejudice to the non-moving party. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993); *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 823 (1978). "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, 1 F.3d at 1414 (citing *Heyl*, 663 F.2d at 425).

However, where no such factors exist, leave to amend should be "freely given." *Forman v. Davis*, 371 U.S. 178, 182 (1962). In some instances, even a lengthy delay will be outweighed by interests of judicial economy and preference of having all possible claims litigated in one action. *See Fidelity Federal Savings and Loan Ass'n v. Felicetti*, 149 F.R.D. 83, 86 (E.D. Pa. 1993).

4

## DISCUSSION

**I.    Delay**

While ILM has certainly waited a significant amount of time before attempting to amend their Answer to include a counterclaim, this Court, however, cannot say that ILM engaged in "truly undue or unexplained delay." *See Lorenz*, 1 F.3d at 1414.  Although some discovery could have alerted ILM to the fact that it might be able to sustain a cause of action for breach of contract against Pine Grove, discovery was still ongoing as late as February 2010. At that time, additional documents were turned over to ILM, which convinced it that it could sustain a claim against Pine Grove for the proceeds that ILM believes should have been reimbursed to it under the terms of the policy. Even if ILM had been aware of the potential for a claim against Pine Grove in the middle of 2009, it might not have felt that the evidence it had at that time could support such a claim. The later discovery may have bolstered ILM's confidence in it ability to bring a cause of action for breach of contract, at which time it sought amendment of its Answer. The fact that discovery was still occurring at such a late stage within such close proximity to ILM's Motion to Amend, coupled with the complexity of this case, give sufficient reason for the delay in instant motion. Therefore, there was no undue or unexplained delay.

**II.    Prejudice**

As per the Stipulated Order recently signed by this Court, the deadline for dispositive motions has been extended. This cuts against Pine Grove's arguments that this amendment will prejudice it by allowing the counterclaim so close to the summary judgment deadline. As to Pine Grove's contention that the counterclaim will necessitate increased discovery, this

Court will favorably consider any motion for re-opening and extending the discovery period for a reasonable period of time to complete discovery of issues raised by the new counterclaim. Thus, Pine Grove will not be prejudiced, and the counterclaim will be allowed in the interest of judicial economy.

## **CONCLUSION**

The Court will grant ILM's Motion Amend/Correct its Answwer for reasons articulated above. An appropriate order follows.


April 28, 2010                                         /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                                 United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PINE GROVE MANUFACTURED
HOMES,

     Plaintiff,

          v.

INDIANA LUMBERMENS MUTUAL
INSURANCE COMPANY,

     Defendant.

INDIANA LUMBERMENS MUTUAL
INSURANCE COMPANY,

     Third-Party Plaintiffs,

          v.

CHAMBERLIN & REINHEIMER
INSURERS, INC.,

     Third-Party Defendant.

CIVIL ACTION NO. 3:08-CV-1233

(JUDGE CAPUTO)

## ORDER

    **NOW**, this 28th day of April, 2010, **IT IS HEREBY ORDERED** that Defendant Indiana Lumbermens Mutual Insurance Company's Motion to Amend and Supplement the Answer (Doc. 60) is **GRANTED**.

                                   /s/ A. Richard Caputo
                                 A. Richard Caputo
                                 United States District Judge